UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JAMES L. WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. |
| EASTERN ILLINOIS UNIVERSITY, | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, James L. Williams [hereafter "Williams"], and for his cause of action against the Defendant, Eastern Illinois University [hereafter "EIU"], states as follows:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, Sections 1331 and 1337, together with 42 U.S.C. § 2000 et. seq.  This is a civil action arising out of the Civil Rights Act of 1964.  Specifically, Williams is alleging that he was discriminated against because of his race and that he was retaliated against by EIU.  Both actions are prohibited under the terms of said Act.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, Section 1391(b) since EIU engages in business activities within the judicial district of this Court and the claims giving rise to the above captioned proceeding did occur within the judicial district of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

1. Williams is black and is employed by EIU in its police department.

2. At all times Williams has performed his job duties in a manner consistent with EIU's legitimate expectations.

3. Within the time prescribed by 42 U.S.C. Section 2000e-5 Williams filed a charge of discrimination against EIU with the Equal Employment Opportunity Commission [hereafter "EEOC"]. This proceeding is being filed within ninety days of his receipt of a Notice of Right to Sue issued by the EEOC.

4. EIU is a school of higher learning. At all times pertinent to this proceeding EIU, in connection with its business enterprise, employ individuals to engage in the manufacturing, transporting, selling, receiving, handling or otherwise working on or dealing in goods, products or services that have been moved in or produced for commerce and, in engaging in that activity, was both engaged in commerce and in an industry effecting commerce.

5. EIU employs more than 500 employees. In that respect it constitutes an employer as that term is used in 42 U.S.C. Section 2000e(b).

## COUNT I
*Race Discrimination*

6. That Paragraphs 1-5 are hereby incorporated into this Count.

7. In July of 2005 Williams was discriminated against because of his race. Specifically, he was not allowed to participate in a training course that was critical to my job duties. Similarly situated Caucasian employees were allowed to participate in

said program.  Williams is the victim of discrimination on the basis of race that is prohibited by the Act.

    8.    That as a direct and proximate result of the discriminatory treatment described above Williams has suffered mental anguish, inconvenience, embarrassment, the loss of the enjoyment of life.

WHEREFORE, Williams respectfully requests that this Court enter judgment in his favor and against EIU, and provide the following relief:

    (a)    Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. § 2000 and issue a mandatory injunction against EIU, to take affirmative steps to ensure that EIU and all individuals working for EIU refrain from engaging in any actions with respect to Williams, which are prohibited under the terms of the aforesaid Act;

    (b)    Award Williams damages sufficient to compensate him for economic losses suffered as a result of the aforementioned conduct alleged in this complaint;

    (c)    Award Williams compensatory and exemplary damages to the extent permitted by law;

    (d)    Assess against EIU the costs and expenses incurred by Williams in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by her in prosecuting the above captioned cause; and

    (e)    Provide such other relief as the Court deems to be equitable and just.

**THE PLAINTIFF, JAMES WILLIAMS, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THIS COUNT WHICH MAY BY LAW BE**

PROPERLY TRIED BEFORE A JURY BE TRIED BY A JURY.

## COUNT II
*Retaliation*

9. That Paragraphs 1-8 are hereby incorporated into this Count.

10. In September of 2005 Williams complained to EIU's Director of Civil Rights that he had been the victim of racial discrimination.

11. As a result of Williams' complaints of discrimination he became the victim of retaliation that is prohibited under the terms of the Act. The retaliation against Williams, included, but is not limited to: harassment, false accusations of policy violations, refusing to allow Williams to attend training that others were allowed to attend, investigations of Williams that were baseless and contrary to Departmental Policy.

12. The foregoing actions constituted impermissible retaliation for his complaints of racial discrimination. Each of these incidents were sufficient that they would likely dissuade a reasonable person from complaining about discrimination.

13. That as a direct and proximate result of the discriminatory treatment described above Williams has suffered mental anguish, inconvenience, embarrassment, loss of wages and the loss of the enjoyment of life.

WHEREFORE, Williams respectfully requests that this Court enter judgment in his favor and against EIU, and provide the following relief:

(a) Enter a declaratory judgment determining that the actions complained of in this complaint are unlawful in violation of the provisions of 42 U.S.C. § 2000 and

issue a mandatory injunction against EIU, to take affirmative steps to ensure that EIU and all individuals working for EIU refrain from engaging in any actions with respect to Williams, which are prohibited under the terms of the aforesaid Act;

    (b)    Award Williams damages sufficient to compensate him for economic losses suffered as a result of the aforementioned conduct alleged in this complaint;

    (c)    Award Williams compensatory and exemplary damages to the extent permitted by law;

    (d)    Assess against EIU the costs and expenses incurred by Williams in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by her in prosecuting the above captioned cause; and

    (e)    Provide such other relief as the Court deems to be equitable and just.

**THE PLAINTIFF, JAMES WILLIAMS, RESPECTFULLY REQUESTS THAT ALL ISSUES RAISED IN THIS COUNT WHICH MAY BY LAW BE PROPERLY TRIED BEFORE A JURY BE TRIED BY A JURY.**

                                      James L. Williams

                                      By: /s/ John A. Baker
                                            His Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:   (217) 522-3445
Facsimile:    (217) 522-8234
E-mail:       johnbakerlaw@sbcglobal.net

JS-44 (Rev. 3/99)                    CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
JAMES L. WILLIAMS

### DEFENDANTS
EASTERN ILLINOIS UNIVERSITY

**(b)** County of Residence of First ___Coles___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
(217) 522-3445

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- x 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | x 1 | 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | X 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENAL | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is an action brought in furtherance of a certain Act of Congress guaranteeing to citizens of the United States protections against the acts of public officers which infringe upon their rights under the Constitution of the United States.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND over $10,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: x Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 9-11-07
SIGNATURE OF ATTORNEY OF RECORD /s/ J.A.B.

FOR OFFICE USE ONLY

RECEIPT # _____ AMOU _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

DATE
JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.   (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b.) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.