IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JAMES L. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 07 - 2165 |
| | ) |
| EASTERN ILLINOIS UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**JOINT MOTION FOR HIPAA QUALIFIED PROTECTIVE ORDER**

NOW COMES the Defendant, EASTERN ILLINOIS UNIVERSITY, by its attorneys, HEYL, ROYSTER, VOELKER & ALLEN and Plaintiff, JAMES L. WILLIAMS, and respectfully moves the Court for the entry of a HIPAA Qualified Protective Order and in support thereof, states as follows:

1. Plaintiff has filed this cause of action in which the medical condition and treatment of James L. Williams is in issue.

2. Pursuant to 45 C.F.R. 164.512 of the Health Insurance Portability and Accountability Act (HIPAA), an HIPAA Qualified Protective Order is necessary to allow the parties to this litigation to obtain and use protected health information pursuant to HIPAA for the purposes of this litigation while preventing unauthorized disclosure of said protected health information.

3. That the attached HIPAA Qualified Protective Order (Exhibit A) should be entered to protect the protected health information from unauthorized disclosure while still permitting its use solely for purposes of this litigation.

HEYL ROYSTER
VOELKER
& ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

WHEREFORE, the parties respectfully move the Court to enter the attached HIPAA Qualified Protective Order (Exhibit A) and for such other relief as the Court deems necessary.

| | |
|---|---|
| JAMES L. WILLIAMS, Plaintiff | EASTERN ILLINOIS UNIVERSITY, Defendant |
| BY: s/ John A. Baker | BY: s/ Bradford B. Ingram |
| JOHN A. BAKER | HEYL, ROYSTER, VOELKER & ALLEN |
| Attorney for Plaintiff | Bradford B. Ingram - #3127206 |
| 415 South 7th Street | Attorney for Defendant |
| Springfield, IL 32701 | 124 S.W. Adams, Suite 600 |
| Phone: (217) 522-3445 | Peoria, IL 61602 |
| Facsimile: (217) 522-8243 | Phone: (309) 676-0400 |
| johnbakerlaw@global.net | Facsimile: (309) 676-3374 |
| | bingram@hrva.com |

HEYL ROYSTER VOELKER & ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JAMES L. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 07 - 2165 |
| | ) | |
| EASTERN ILLINOIS UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## HIPAA QUALIFIED PROTECTIVE ORDER

The Parties, pursuant to Supreme Court Rule 201(c)(1) and 45 C.F.R. 164.512, have agreed, and this Court finds that good cause exists for the entry of an HIPAA Qualified Protective Order to prevent the unauthorized disclosure and direct the use of protected health information during the course of this litigation.

Accordingly, IT IS HEREBY ORDERED:

1. All records produced by the parties to this litigation shall be produced subject to the conditions of this order.

2. This order shall apply to any records produced by a Covered Entity as defined by 45 C.F.R. 160.103 which receives a request to produce or subpoena for protected health information.

3. During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the plaintiff, as that term is defined under the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act.

    (a) All protected health information disclosed by any of plaintiff's health care providers shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to, discovery, depositions, trial preparation, trial, appeal and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

(b) Protected health information produced pursuant to this HIPAA Qualified Protective Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services and treatment for alcohol and drug abuse.

(c) Protected health information may be disclosed by any covered entity or health care provider, party or parties' attorney, without further notice to:

(1) The parties themselves, parties' attorneys, experts, consultants, treating physicians, other health care providers, insurance carriers from whom damages, compensation or indemnity is sought and any entity performing monitoring or adjustment activities on behalf of such insurance carrier and/or their employees, agents or third party administrators for any of the parties involved in the litigation, in any proceedings for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of all of the above.

(2) The parties, and each entity governed by this Order shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made, provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as he protected health information is maintained in a secure environment.

Entered this ____ day of _____, 2008.

_____
Judge of the U.S. District Court

**HEYL ROYSTER**
**VOELKER & ALLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

BBI/yet
G:\58\R6458\R6458HIP 001 Hippa agreed qualified protective order.wpd